**Chad SHOFNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2002–SC–1023–MR.**

Supreme Court of Kentucky.

Nov. 18, 2004.

Julie Namkin, Assistant Public Advocate, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Todd D. Ferguson, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

COOPER, Justice.

Appellant, Chad Eric Shofner, pled guilty in the Taylor Circuit Court to two counts of murder and one count of kidnapping. After a penalty phase bench trial, the trial judge imposed concurrent sentences of life imprisonment without the possibility of parole for the two murders and twenty years imprisonment for the kidnapping. Appellant appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), contending that the trial court considered improper victim impact evidence before pronouncing his sentences.

Appellant admitted killing Michael Ray Appleby and his mother, Darlene Appleby, and kidnapping Jennifer Shofner, his estranged wife. The parties submitted an Agreed Order Waiving Jury Sentencing and an Agreed Order Regarding Sentencing Options, by which they agreed that the court could set the punishment at a term of between twenty and fifty years, life imprisonment, life imprisonment without the possibility of parole for twenty-five years, life imprisonment without the possibility of parole, or death. The Agreed Order Regarding Sentencing Options was signed by Appellant, his attorneys, the prosecutors, and Richard Clements, brother of Darlene Appleby and uncle of Michael Ray Appleby. Below his signature, Clements wrote that he was opposed to a sentence of twenty to fifty years but unopposed to a sentence of life imprisonment or life without the possibility of parole for twenty-five years. However, when the documents were tendered and entered into the record, the prosecutor noted that Clements did not want his signature to be construed as representing what other family members might recommend.

Clements also submitted a victim impact statement to the probation and parole officer who prepared the presentence investigative (PSI) report. KRS 421.520; KRS 532.050. In it he wrote, "The family and the prosecution strongly feel that the only appropriate sentence in this matter would be death or life without parole." However, upon learning that Allan Appleby was the spouse of Darlene Appleby and the father of Michael Ray Appleby, the trial judge

informed the parties that Allan Appleby, not Clements, was the person entitled to submit a victim impact statement. KRS 421.500(1)(a), (c). In the presence of defense counsel, the Commonwealth suggested that Appleby review the statement prepared by Clements and, if he agreed with it, he could adopt it as his own. Defense counsel did not object. Appleby subsequently crossed out Clements's signature on the statement and signed it, himself. After a recess, the Commonwealth showed defense counsel the adopted victim impact statement. Defense counsel reviewed it and agreed to its submission as part of the PSI report.

Appellant now asks this Court to vacate his sentences and remand this case for resentencing, contending that the trial court should not have considered the victim impact statement because it had been prepared by Clements who was not "the victim" as designated by KRS 421.500(1). Appellant argues that the trial judge may have sentenced him to life without the possibility of parole for twenty-five years in accordance with Clements's notes on the Agreed Order Regarding Sentencing Options if the judge had not considered the improper victim impact statement. Appellant acknowledges that this issue is unpreserved, but asks this Court to review it for palpable error pursuant to RCr 10.26.

KRS 421.520, governing victim impact statements, provides that "the victim has the right to submit a written victim impact statement to the probation officer responsible for preparing the presentence investigation report. . . ." Nowhere in the statute does it state that a victim must prepare the statement himself or that the victim cannot adopt the statement of another as his own. The record clearly indicates that Allan Appleby reviewed the statement prepared by Clements and signed it, thus adopting it as his own. The trial judge's

consideration of the statement was not improper, much less manifestly unjust.

Accordingly, the sentence imposed by the Taylor Circuit Court is AFFIRMED.

All concur.